Pearson, C. J.
 

 The cause comes on for hearing upon exceptions filed by the complainants to the Masters report, and for further instructions.
 

 1.
 
 The first exception of the complainant Latham is not allowed. The Confederate treasury notes having been received by him without objection it is now too late to raise a question as to the value of such notes according to a specie standard.
 

 2.
 

 The second exception of the complainant Latham is not allowed. The trustee, holding a note, ought not, after the depreciation of the currency, to have attempted to collect it, although one of the obligors had become insolvent; because it was for the interest of the fund to let it stand without one of the obligors rather than to have collected it in Confederate notes, and considering the state of feeling in the country, we much regret the idea that it was the duty ■of the trustee to attempt to collect the debt
 
 in specie,
 
 and to refuse currency; for that was more than could have been expected of the most prudent men in regard to their own debts. So the trustee took the most prudent course in allowing the debt to stand upon the responsibility of Sir. Hiatt, and 1ns failure, by reason of the emancipation of slaves, is a matter for which the trustee cannot be held liable.
 

 3.
 
 The exception, marked 3d, of the complainant Latham Donnell, being included in the 1st and 2d of the complainant James Donnell, is allowed. A trustee holding a note for $2,500 due before the war, principal and surety both being solvent, in 1863, without any special occasion for the use of money, and with no object, so far as we can see, except to enable him to settle up the estate of his brothcr-in
 
 *151
 
 law, receives in payment of the note Confederate notes and notes on individuals, due with small exception after 1861. This naked statement is enough to convict the trustee; he should have observed the same prudence in regard to this note as he did in regard to the note of General Hiatt.
 

 4.
 
 The third exception of the complainant James is allowed. The trustee was not bound to collect all of the interest annually, but only so much as was necessary for the support and maintenance of his
 
 cestui que trusts.
 
 The Master was under a misconception as to the proper construction of the trust deed. It is hard enough upon the
 
 cestui que trusts
 
 to allow the trustee credit for the amounts which they received in Confederate notes, as of the nominal instead of the actual value, but to allow him credit for a sum which they refused to receive, and which the trustee should not have collected, would carry the matter much too far. In 1864 no prudent man would have received Confederate notes at par in payment of interest upon an ante-war debt. A sheriff or constable, without any special instructions, would have refused to take such notes in discharge of an execution in his hands. We are unwilling to open the door so wide for the entrance of fraud. In face of the high commendation of the trustee, which the very respectable gentleman who makes the report felt himself at liberty to express, we are not at liberty to suppose that the trustee did in fact offer to pay Confederate notes which he had not received in payment; but how easy would it be for a trustee, or guardian, to pay over “ trash,” of which he had a pocket full, and retain for his own benefit the original note and claim for interest!
 

 There will be a reference to reform the account according to this opinion, and the cause is retained for further directions.
 

 Per Curiam.
 

 Decree accordingly.